124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronald E. MARKOWSKI, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1897.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 30, 1997.*
Decided Aug. 19, 1997.
 
 Appeal from the United States District Court for the Northern District of Indiana, Hammond Division, No. 2:95-CV-211-JM; James T. Moody, Judge.
 Before RIPPLE, ROVNER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Ronald Markowski appeals the district court's denial of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. A jury convicted him on nine counts: one count of conducting a continuing criminal enterprise ("CCE"), 21 U.S.C. § 848, six counts of violating the Travel Act, 18 U.S.C. § 1952, and two counts of distributing cocaine. 21 U.S.C. § 1952. The district court sentenced him to 45 years in prison. On direct appeal, this court affirmed his conviction on eight counts, reversing on one count of violating the Travel Act due to insufficient evidence. United States v. Markowski, 772 F.2d 358 (7th Cir.1985).
 
 
 2
 Markowski asserted four issues in his § 2255 motion: 1) the trial court's use of summaries of the indictment, and the court's misstatements of the alleged dates of two Travel Act violations, impermissibly amended the indictment against him in violation of his Fifth Amendment rights; 2) the trial judge erred in instructing the jury on the CCE Count; 3) there was insufficient evidence to sustain his conviction for two of the Travel Act counts; and 4) trial counsel was ineffective in allowing the above errors to occur, and by pursuing a trial strategy that caused Markowski to perjure himself. The district court denied his motion in full. We affirm.
 
 
 3
 We do not address the merits of Markowski's second and third arguments. Our opinion on direct appeal effectively decided these issues adversely to Markowski. Therefore, absent changed circumstances (which Markowski does not claim) he cannot reargue them in a § 2255 motion. This leaves two issues: first, whether the trial court's summaries of the indictment, and misstatements in reading the dates of the alleged Travel Act violations constituted constitutional error; second, whether Markowski's Sixth Amendment right to counsel was violated by his counsel's trial strategy, which Markowski claimed required him to perjure himself. However, these remaining issues too are barred from review in a § 2255 motion absent a petitioner's establishing cause for his failing to raise these arguments on direct appeal and prejudice therefrom, or unless he shows that a fundamental miscarriage of justice will result if the court refuses to address his claims. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir.1996). Markowski limits his argument to cause and prejudice, and the government concedes that he has shown cause. Thus, we focus on whether Markowski has shown prejudice.
 
 
 4
 We conclude that Markowski's arguments are not persuasive, and therefore he suffered no prejudice from these arguments' not being raised on direct appeal. An implication of the Fifth Amendment's requirement of a grand jury indictment prior to criminal trials is that an indictment cannot be amended except by resubmission to the grand jury. Russell v. United States, 369 U.S. 749, 770 (1962); United States v. Leichtnam, 948 F.2d 370, 376 (7th Cir.1991). Here, the trial court's summary of the indictment, and its failure to read the predicate acts for the CCE count do not amount to a constitutionally invalid alteration of the indictment. There is no requirement that a trial judge read an indictment in full to the jury. Of course, if the prosecution were able to convict the defendant of a charge different from that for which he was indicted, such a conviction would undermine the constitutional requirement of an indictment as a condition precedent to trial and conviction. However, on direct appeal we rejected Markowski's argument that the jury instructions were insufficient and that the prosecution failed to carry its burden of proof. Furthermore, with regard to the predicate acts for the CCE conviction, so long as the prosecution carried its burden of proving the necessary predicate acts (which as noted it did), the district court's failure to note all the acts in the indictment did not amount to constitutional error. There is no requirement that the ultimate conviction rest upon facts as broad as those in the indictment, so long as the resulting conviction is otherwise valid. Thus, even though the indictment listed 85 predicate acts, the prosecution was not required to prove each of these to sustain a CCE conviction because this amounts to a permissible narrowing of the indictment, whereby what was submitted to the jury was simply a subset of the indictment. Leichtnam, 948 F.2d at 376. Moreover, even if the predicate acts differed from those contained in the indictment, there is no error where the indictment alleged "all but a few of the acts." United States v. Kramer, 955 F.2d 479, 488 (7th Cir.1992); United States v. Canino, 949 F.2d 928, 944 (7th Cir.1991); United States v. Baker, 905 F.2d 1100, 1103 (7th Cir.1990).
 
 
 5
 As for the trial judge's errors regarding the dates of two of the Travel Act charges, these misstatements too did not amount to constitutional error. The district court ultimately noted its error and corrected them in its final instructions to the jury. Moreover, unless the particular date is an important element of the crime charged (and there is no evidence of this in the present case), a post-indictment change to the date specified in the indictment "will not impermissibly amend the indictment--so long, in general, as the evidence shows that the offense was the one charged and that it was committed on a date before the indictment and within the statute of limitations." Leichtnam, 948 F.2d at 376.
 
 
 6
 Markowski's ineffective assistance of counsel claim is also not persuasive. His argument that counsel was deficient by not objecting to the errors alleged above is undermined by the conclusion that none of the deficiencies he alleges in the trial strategy amounted to reversible error. As for counsel's strategy, which Markowski characterizes as based upon an approach that 22 government witnesses against him were perjurers while only he was telling the truth, this strategy too does not amount to the denial of effective assistance of counsel. In order to prevail on an ineffective assistance of counsel claim, a defendant must establish both deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 694 (1984). A defendant's attack on counsel's trial strategy will almost never meet the test of deficient performance. Id. at 690-91; Sullivan v. Fairmam, 819 F.2d 1382, 1391 (7th Cir.1987). Here, counsel's approach, while ultimately ineffective, cannot be said to have been below the required objective level of performance. Markowski has also not shown that he was prejudiced by counsel's approach in the sense that a different strategy would have been any more effective. Twenty-two witnesses testified against him, and he has not stated what counsel could have done to change the result of the trial in the face of such overwhelming evidence. As regards Markowski's perjury, he must take responsibility for that action. Moreover, and more importantly for the issue of prejudice, there is no indication that his perjury had any effect on the outcome of his first trial.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir.R. 34(f)